UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
EDGAR VARGAS,

                           Plaintiff,      Civil Action No.  1:24-cv-09545-DEH-KHP

      - against -

                                                  **REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

197 8th AVE DELI CORP. d/b/a Adam's Marketplace, Abdoo Yahya, an individual, Bashir Alkandi, an individual, Ali S. Mugalli, an individual, an individual,

                           Defendants.

---------------------------------------------------------------- X

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on **March 6, 2025,** and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

    1.    **Proposed Discovery Plan**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on **March 6, 2025** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration

    2.    **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:** From 2017 through December 2, 2024, Plaintiff worked as a delivery and stockboy for 7 days per week from 77 to 84 hours per week.  He was paid $700 per week and then $900 per week.  Under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Defendants owe Plaintiff unpaid overtime, along with Wage Theft Prevention Act ("WTPA") damages.  Defendants will also owe Plaintiff liquidated damages and counsel fees. Plaintiff has sent an itemized spreadsheet to Defendants.

**Defendant:** claims that Plaintiff does not adequately state a claim as to the individual Defendants and that there is no standing for Plaintiff's wage notice and time-of-hire claims.

    3.    **Basis of Subject Matter Jurisdiction: Plaintiff alleges** Federal question jurisdiction arising under 29 U.S.C. § 201, et. seq. and the court has supplemental jurisdiction over NYS claims.

1

4. **Subjects on Which Discovery May Be Needed**
   <u>Plaintiff:</u>

   Defendants have custody and control of:
   1. Plaintiff's personnel file,
   2. payroll and time records,
   3. tax returns (if Defendants claim that their revenues were lower than $500,000 per year)
   4. documentation concerning the duties performed by Plaintiff,

<u>Defendants:</u>

Plaintiff may have time records and pay records, and communications between Plaintiff and Defendants and/or other employees of 197 8th Ave Deli Corp.

5. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure were disclosed by Plaintiff(s) on **March 7, 2025.** In addition, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production. **Plaintiff has no documents.**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on **March 7, 2025.** In addition, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

   The parties jointly propose to the Court the following discovery plan:

   a. All fact discovery must be completed by **9/12/25**.

   b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

  i. <u>Depositions</u>: Depositions shall be completed by **September 12, 2025** and limited to no more than **5** depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **April 11, 2025**. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

  iii. <u>Requests for Admission</u>: Requests for admission must be served on or before **July 30, 2025**.

  iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on **April 11, 2025** and responses shall be due on **May 16, 2025**. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

  v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

8. **Amendments to Pleadings**
 a. Are there any amendments to pleadings anticipated? **Not at this time**

 b. Last date to amend the Complaint: **June 2, 2025**

9. **Joinder of Parties**

Are there other necessary parties that need to be joined? **No**

b. Is joinder of other parties anticipated? **No**

c. Last date to join other parties: **June 2, 2025**

10. **Expert Witness Disclosures**

At this time, the parties DO NOT (circle one) anticipate utilizing experts. Expert discovery shall be completed by _____ n/a

11. **Electronic Discovery and Preservation of Documents and Information**

      a.      Have the parties discussed electronic discovery?  **No.**

      b.      Is there an electronic discovery protocol in place?  If not, when the parties expect to have one in place?  **Under discussion.**

      c.      Are there issues the parties would like to address concerning the preservation of evidence and/or electronic discovery at the Initial Case Management Conference? **Not at this time.**

12. **Anticipated Motions**

    Summary Judgment

13. **Early Settlement or Resolution**

The parties HAVE (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than  **n/a**.  The following information is needed before settlement can be discussed:

    The parties already mediated the matter before a SDNY Panel mediator.

14. **Trial**

      a.      The parties anticipate that this case will be ready for trial by **October 17, 2025**.

      b.      The parties anticipate that the trial of this case will require **3** days.

      c.      The parties do/**do not** (circle one) consent to a trial before a Magistrate Judge at this time.

      d.      The parties request a **jury**/bench (circle one) trial.

15. **Other Matters**

The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.

Respectfully submitted this __ day of ____, 2025.

5

| | |
|---|---|
| Plaintiff's Counsel: | Defendants' Counsel: |
| Raymond Nardo, Esq. | Tiffany Troy, Esq. |
| 129 Third Street | Troy Law PLLC |
| Mineola, NY 11501 | 41-25 Kissena Blvd., Suite 110, |
| (516)248-2121 | Flushing, NY 11355 |
| Nardo@Raynardo.com | (718) 762-1324 |

5