UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDGAR VARGAS,

$\qquad$ Plaintiff,

v.

197 8TH AVE DELI, CORP. et al.,

$\qquad$ Defendants.

---

24 Civ. 9545 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Currently before the Court is a Motion to Dismiss filed by Defendants 197 8th Ave Deli, Corp. d/b/a Adam's Marketplace ("Adam's Marketplace") and Abdoo Yahya, Bashir Alkandi, and Ali S. Mugalli[1] (the "Individual Defendants" and, collectively, "Defendants"). ECF No. 16. Defendants seek to dismiss Plaintiff Edgar Vargas's Complaint, ECF No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons explained below, the Motion is **GRANTED**.

## BACKGROUND

Unless otherwise specified, the following facts are taken from Mr. Vargas's Complaint and the documents incorporated by reference therein. *See Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021).[3] The Court assumes these facts are true for the purpose of adjudicating Defendants' Motion to Dismiss. *See, e.g.*, *Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 152 (2d Cir. 2013). The Court construes these facts in the light most favorable to Mr. Vargas as the non-moving party. *See id.*

---

[1] Defendant Ali S. Mugalli is erroneously pleaded as Arif Mugali in the Complaint.

[2] All subsequent references to Rules are to the Federal Rules of Civil Procedure.

[3] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

Defendants employed Mr. Vargas as a "stockboy and delivery boy" from 2017 through December 2, 2024. Compl. ¶ 7. Mr. Vargas worked between 77 to 84 hours per week, *id.* ¶ 9, but during his shifts, he was not allowed to take "uninterrupted half hour . . . meal breaks" as required by law, *id.* ¶ 12. Defendants paid Mr. Vargas $700 per week for his first four years of employment, then paid him $900 per week from 2021 through 2024. *Id.* ¶ 10. But they did not pay him "minimum wage or premium overtime pay for hours worked in excess of 40 hours per week" as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *Id.* ¶ 11. Defendants also failed to provide Mr. Vargas with wage notices and wage statements as required by NYLL § 195(1) and § 195(3). *Id.* ¶¶ 27-30. Plaintiff subsequently commenced this action on December 13, 2024, filing suit against Adam's Marketplace and its owners and/or operators—the Individual Defendants. *Id.* ¶¶ 14-25.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 344 (S.D.N.Y. 2020) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022). "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Sacerdote*, 9 F.4th at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Iqbal*,

2

556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## DISCUSSION

### I.    Procedural Posture

Defendants advance two arguments as to why Mr. Vargas's Complaint should be dismissed.  First, they argue that the Complaint does not establish that the Individual Defendants "are 'employers' within the meaning of federal or New York law," and therefore cannot be held individually liable under the FLSA and NYLL.  Defs.' Mem. L. Supp. Mot. to Dismiss ("Defs.' Mem.") at 4, ECF No. 17.  Alternatively, Defendants argue that Mr. Vargas's claims related to their failure to provide wage notices and wage statements, brought pursuant to NYLL's Wage Theft Protection Act, should be dismissed because he "has not plausibly alleged standing for those two claims."  *Id.*

In his Opposition, Mr. Vargas does not dispute Defendants' arguments.  *See* Pl.'s Mem. L. Opp'n Mot. to Dismiss ("Pl.'s Opp'n") at 1, ECF No. 19 ("Plaintiff offers a First Amended Complaint cures [*sic*] the alleged pleading defects.").  Instead, he filed a Proposed Amended Complaint ("PAC"), ECF No. 18-1, which he avers "properly alleges standing under the Wage Theft Protection Act" and "properly pleads individual liability" under the FLSA and NYLL.  Pl.'s Opp'n at 4, 6.  Defendants argue on Reply that Plaintiff's PAC should be dismissed with prejudice because amendment is futile.  Defs.' Reply Mem. Supp. Mot. to Dismiss ("Defs.' Reply") at 1-2, ECF No. 20; *see also id.* at 2-5 (arguing the PAC does not establish Plaintiff's standing under the Wage Theft Protection Act); *id.* at 6-8 (arguing PAC does not establish the Individual Defendants' individual liability under the FLSA and NYLL).

In this posture, the Court adjudicates Defendants' Motion to Dismiss based on the allegations in Mr. Vargas's PAC.  *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-

3

04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends [his] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint.").

## II.    Application

"[T]he FLSA permits an individual within a company that employs a worker to be held personally liable for damages as that worker's 'employer.'" *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 507 (S.D.N.Y. 2015) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013). The Act "defines the employer-employee relationship broadly." *Inclan*, 95 F. Supp. 3d at 507. It covers "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Irizarry*, 722 F.3d at 103 (quoting 29 U.S.C. § 203(d)). "An employee may simultaneously have multiple employers within the meaning of the FLSA." *Inclan*, 95 F. Supp. 3d at 507.

"The Second Circuit has directed courts to evaluate employee-employer relationships on a case-by-case basis by review of the totality of the circumstances, and has identified different sets of relevant factors based on the factual challenges posed by particular cases to guide this inquiry." *Adriana Nokaj v. Pappas N.Y.*, No. 24 Civ. 1076, 2025 WL 2380403, at *2 (S.D.N.Y. Aug. 15, 2025). "[I]n determining whether a particular defendant is an employer, the court . . . is required to look at the 'economic reality,' including 'whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and methods of payment, and (4) maintained employment records.'" *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 586 (S.D.N.Y. 2020) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "The statutory standard for employer status under the NYLL is nearly identical to that of the FLSA, and as a result, district

courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Nokaj*, 2025 WL 2380403, at *3.

In this case, the PAC attempts to establish that Defendants Bashir Alkandi and Ali S. Mugalli are "employers" within the meaning of the FLSA and NYLL by alleging that each

> is an owner and/or officer of 197 8th Ave Deli, Corp. d/b/a Adam's Marketplace [and] exercises sufficient control over the corporations' operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices.

PAC ¶¶ 22, 24. The PAC adds that Mr. Vargas "interviewed with" Mr. Alkandi and Mr. Mugalli, that both "played a role in [his] termination," and that Mr. Vargas received work from both Defendants—from Mr. Alkandi "occasionally" and from Mr. Mugalli "routinely." *Id.* ¶¶ 23, 25. Additionally, the PAC states that both Mr. Alkandi and Mr. Mugalli "set Plaintiff's rate of pay." *Id.*

Even accepting these allegations as true, they are insufficient to establish the Individual Defendants' liability under the FLSA and NYLL for two reasons. First, rather than substantiate Mr. Vargas's individual liability claims, the facts in the PAC are simply "formulaic recitations of the elements of [his] cause of action." *Iqbal*, 556 U.S. at 678. Put differently, Mr. Vargas's "allegations mirror, and do not add factual content to, the *Carter* factors. They cannot make out a claim for relief, as numerous courts in this District have held on similar facts." *Huer Huang*, 459 F. Supp. 3d at 588 (citing cases). Second, the allegations in the PAC do not establish that Mr. Alkandi and Mr. Mugalli "exercised sufficient formal and functional control over" Mr. Vargas to qualify as his "employers" within the meaning of the FLSA and NYLL. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 144 (2d Cir. 2008); *see also id.* at 142-44 (describing various

factors considered in this Circuit for determining who qualifies as an employer under the FLSA). "Interview[ing]" a prospective employee and later "playing a role in" that employee's termination, PAC ¶¶ 22-25, do not prove that a defendant "had the power to hire and fire th[at] employee," *Huer* Huang, 459 F. Supp. 3d at 586. An assertion that a defendant "set Plaintiff's rate of pay," PAC ¶¶ 23, 25, is simply a regurgitation of the third *Carter* factor, which asks whether a defendant "determined the [employee's] rate and method of payment,"[4] *Carter*, 735 F.2d at 12. And a defendant assigning an employee work "occasionally" or "routinely," does not demonstrate that defendant "supervised and controlled [the] employee['s] work schedule[] or conditions of employment," *Carter*, 735 F.2d at 12. In sum, even considering a totality of the circumstances and affording the FLSA's provisions an "expansive interpretation . . . so that they will have 'the widest possible impact in the national economy,'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter*, 735 F.2d at 12), Mr. Vargas's PAC fails to establish Defendants Alkandi's and Mugalli's individual liability under the FLSA and NYLL.

The Court reaches the same conclusion as to Defendant Abdoo Yahya, but for different reasons. As Defendants note, the PAC *removes* factual allegations concerning Defendant Yahya, predicating his individual liability on the boilerplate language cited *supra*[5] and on his being "a 'Principal' on the liquor license held by 197 8th Avenue Deli Corp." PAC ¶ 21; *see also* Pl.'s Opp'n at 9 (arguing that Defendant Yahya was "an absentee owner" but can nonetheless be

---

[4] The Court notes that Mr. Vargas had two rates of pay during his employment, but the Complaint and PAC do not discuss who made the decision to increase is pay.

[5] That is, Mr. Vargas attempts to predicate Mr. Yahya's liability on the allegation that he was "an owner and/or officer of 197 8th Ave Deli, Corp. d/b/a Adam's Marketplace [who] exercises sufficient control over the corporation's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding Defendants' employment and pay practices." PAC ¶ 19.

understood to have exercised "sufficient authority and operational control to be an employer" by virtue of "maintain[ing] a liquor license as a principal"). But simply owning a liquor license for a business is not enough, on its own, to render a defendant an "employer" within the meaning of the FLSA and NYLL. *See, e.g.*, *Garcia v. Three Decker Rest., Ltd.*, No. 22 Civ. 1387, 2024 WL 1311897, at *4 (S.D.N.Y. Mar. 27, 2024) ("The requirements of a business under its liquor license are not evidence of [a defendant's] status as an 'employer' under the FLSA and NYLL, as they are not evidence of [that defendant's] involvement in the [business's] operations and do not go to establishing any of the *Carter* factors."); *Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 442 (S.D.N.Y. 2024) (holding Plaintiff did not establish that a defendant was an "employer" where, despite being listed as principal on business's liquor license, "had little involvement with the [business]" and "was completely detached from the daily operations"); *Ramos v. Guaba Deli Grocery Corp.*, No. 20 Civ. 4904, 2021 WL 5563714, at *6 (S.D.N.Y. Nov. 29, 2021) (holding that defendant who "did not exercise" his power to "hire and fire employees, set employee schedules, and maintain employee records" was not an "employer" under the FLSA and NYLL even though he had "operational control over the [business's] lease and liquor license"). Mr. Vargas makes no further assertions to support the conclusion that Defendant Yahya should be subject to individual liability under the FLSA or NYLL.

As to all the Individual Defendants, then, Defendants' Motion to Dismiss is **GRANTED**. Because the Court grants the Motion based on the Individual Defendants' first argument—that is whether they are "employers" within the meaning of the FLSA and NYLL—it declines to consider their second argument for dismissal predicated on Plaintiff's purported lack of standing.

**CONCLUSION**

For the reasons state above, the Motion is **GRANTED**.  The parties shall adhere to Magistrate Judge Parker's Orders with respect to the next steps in this litigation.

The Clerk of Court is respectfully requested to terminate ECF No. 16.

SO ORDERED.

Dated:  September 10, 2025

New York, New York

_____

DALE E. HO
United States District Judge